UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, et al., *Plaintiffs,* v. JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al., *Defendants,* and FRIENDS OF THE EARTH, et al., *Applicant-Intervenor-Defendants.* | Civ. No.:   2:25-CV-00071-JDC-TPL <br><br>Judge:   James D. Cain, Jr. <br><br>Mag. Judge:   Thomas P. LeBlanc |

## APPLICANT-INTERVENORS' MOTION TO INTERVENE AND CERTIFICATE OF CONFERENCE

Friends of the Earth, Healthy Gulf, Oceana, and Surfrider Foundation (collectively, "Applicants") respectfully move under Federal Rule of Civil Procedure 24 to intervene as defendants as a matter of right, or in the alternative, permissively. Applicants seek intervention of right in this action to protect their and their members' interests in preventing harm to the environment along the Atlantic, Pacific, Northern Bering Sea, and Easter Gulf coasts from oil and gas activity in federal waters that may be impaired if Plaintiffs prevail in this action.

Pursuant to LR7.6 and LR7.4.1, counsel for Applicants conferred with and presented the Proposed Answer to counsel for Plaintiffs and Defendants—that is, all parties who have an interest to oppose to ascertain whether an opposed motion was necessary. Plaintiffs' counsel indicated they do not oppose the motion. Counsel for Federal Defendants indicated that they will respond after reviewing the motion.

1

This Motion is supported by the Memorandum filed with this Motion, as well as accompanying declarations from each of the Applicant groups and an accompanying declaration authenticating and attaching cited materials. Applicants have also filed a Proposed Answer to Plaintiffs' Complaint with this Motion.

Applicants seek intervention as of right under Rule 24(a)(2). Rule 24(a)(2) provides, in pertinent part, "On timely motion, the court must permit anyone to intervene . . . who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

As explained in the accompanying Memorandum, Applicant's Motion is timely because it is being filed at the earliest stages of this case. In addition, Applicants have a legally cognizable interests relating to the subject of Plaintiffs' Complaint: President Biden's memoranda withdrawing certain offshore areas from oil and gas leasing that are not necessary for national energy needs in order to protect the valuable coastal economies and communities in those areas from the dangers of oil and gas activities. Applicants have long-standing interests in protecting these coastal areas from the harms of oil and gas development, including spills, emissions, habitat destruction, vessel traffic, and noise. Plaintiffs' requested relief would impair Applicants' ability to protect those interests because they seek to enjoin and vacate the protections, essentially nullifying the years of effort and expense to get these areas protected.

Finally, Applicants' interests may not—indeed, will not—be adequately represented by the existing parties because Applicants' interests do not align and because Applicants have a different ultimate objective from Federal Defendants. Days after President Biden issued the withdrawals, President Trump issued a memorandum that purported to revoke the protections. As

such, Federal Defendants may agree with Plaintiffs that the withdrawals should be vacated. Moreover, Federal Defendants are obligated to represent and balance a wide variety of interests (i.e., the broad public interest) when managing federal lands and waters, which precludes them from giving interests in coastal protections the same primacy that Applicants would.

If the Court denies intervention as of right, Applicants request the Court to grant permissive intervention, which "is appropriate when the intervention request is timely, the intervenor's 'claim or defense and the main action have a question of law or fact in common,' and granting intervention will not unduly delay or prejudice the original parties in the case." Fed. R. Civ. P. 24(b). Applicants' motion is timely, their defense shares a question of law (e.g., the legal authority for the executive to withdraw areas from leasing), and their intervention at this early stage would not delay this case or prejudice the existing parties.

For the reasons above and in the accompanying Memorandum, Applicants respectfully ask this Court to grant them intervention as of right, or, in the alternative, by permission, to protect them and their members' interests in this case.

Respectfully submitted this 3rd day of March, 2025.

/s/ Lauren E. Godshall
Lauren E. Godshall, La. Bar. No. 31465
Earthjustice
1505 Colony Place
Metairie, LA 70003
T: 773-828-0836
lgodshall@earthjustice.org

/s/ Stephen D. Mashuda
Stephen D. Mashuda (*pro hac vice* forthcoming)
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104

T: 206-343-7340
smashuda@earthjustice.org

 /s/ *Brettny Hardy*
Brettny Hardy (*pro hac vice* forthcoming)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
T: 415-217-2000
bhardy@earthjustice.org

 /s/ *Benjamin P. Chagnon*
Benjamin P. Chagnon (*pro hac vice* forthcoming)
Earthjustice
1001 G Street NW, Suite 1000
Washington, D.C. 20001
T: 202-745-5210
bchagnon@earthjustice.org

*Counsel for Applicant-Intervenor-Defendants Friends of the Earth, Healthy Gulf, Oceana, Surfrider Foundation*