UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, et al.,<br><br>     *Plaintiffs,*<br><br>  v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al.,<br><br>     *Defendants,*<br><br>and<br><br>FRIENDS OF THE EARTH, et al.,<br><br>     *Intervenor-Defendants.* | Civ. No.: 2:25-CV-00071-JDC-TPL<br><br>Judge: James D. Cain, Jr.<br><br>Mag. Judge: Thomas P. LeBlanc |

### **CONSERVATION GROUPS' ANSWER IN INTERVENTION**

  Intervenor-Defendants Friends of the Earth, Healthy Gulf, Oceana, and Surfrider Foundation (collectively, "Conservation Groups"), through counsel, answer the Complaint in this case filed January 17, 2025 (ECF No. 1), as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Conservation Groups deny each and every allegation in the Complaint, including any allegations contained in headings and subheadings, that is not specifically admitted in this Answer.

  1.  The allegations in the first and second sentences of Paragraph 1 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA") and a Bureau of Ocean Energy Management website, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and

1

context. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences and therefore deny.

2.      The allegations in Paragraph 2 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

3.      The allegations in Paragraph 3 are legal conclusions that require no response or purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to that decision's plain language, meaning, and context. To the extent a response may be required to any remaining allegations, Conservation Groups deny.

4.      The allegations in the first sentence of Paragraph 4 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny. The allegations in the second sentence purport to characterize two memoranda issued by President Biden on January 6, 2025, which speak for themselves and are the best evidence of their content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

5.      The first and second sentences of Paragraph 5 purport to characterize two memoranda issued by President Biden on January 6, 2025, which speak for themselves and are the best evidence of their content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. The allegations in the third sentence of Paragraph 5 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

6. Paragraph 6 purports to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

8. The allegations in Paragraph 8 are a mix of legal conclusions that require no response or purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to those decisions' plain language, meaning, and context and to the extent a response may be required to any remaining allegations, Conservation Groups deny.

9. The allegations in Paragraph 9 are a mix of legal conclusions that require no response or purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to those decisions' plain language, meaning, and context. To the extent a response may be required to any remaining allegations, Conservation Groups deny.

10. The allegations in Paragraph 10 are a mix of legal conclusions that require no response or purport to characterize several court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to those decisions' plain language, meaning, and context. To the extent a response may be required to any remaining allegations, Conservation Groups deny.

11. The allegations in Paragraph 11 are a mix of legal conclusions and Plaintiffs' characterizations of their case that require no response. To the extent a response may be required, Conservation Groups deny.

12. The allegations in Paragraph 12 are a mix of legal conclusions that require no response or purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to that decision's plain language, meaning, and context. To the extent a response may be required to any remaining allegations, Conservation Groups deny.

13. The allegations in Paragraph 13 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

## JURISDICTION AND VENUE

14. The allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

16. The allegations in the first and second sentence of Paragraph 16 are legal conclusions and require no response. To the extent a response may be required, Conservation Groups deny. Conservation Groups deny the factual allegation in the third sentence that a substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred and will continue to occur within this judicial district. As to the further factual allegations in Paragraph 18, Conservation Groups lack knowledge or information sufficient to form a belief as to their truth and therefore deny.

## THE PARTIES

17. Conservation Groups admit that Louisiana is a state of the United States. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore deny.

18. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny.

19. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny.

20. Conservation Groups admit that Alabama is a state of the United States. The allegations in the fourth, fifth, and sixth sentences of Paragraph 20 purport to characterize several government websites, which speak for themselves and provide the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore deny.

21. Conservation Groups admit that Alaska is a state of the United States. The allegations in the fourth, fifth, and tenth sentences of Paragraph 21 purport to characterize a Bureau of Ocean Energy Management Fact Sheet, an Alaska state government website, the Alaska State Constitution, and state laws, which speak for themselves and provide the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore deny.

22. Conservation Groups admit that Georgia is a state of the United States. The allegations in the fifth sentence of Paragraph 22 purport to characterize a document produced by oil industry trade associations, which speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny.

23. Conservation Groups admit that Mississippi is a state of the United States. The allegations in the fifth and sixth sentences of Paragraph 23 purport to characterize several government websites, which speak for themselves and provide the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore deny.

24. Conservation Groups deny the allegations in the first sentence of Paragraph 24 and aver that Donald J. Trump is the President of the United States. The second sentence of Paragraph 24 is a legal conclusion to which no response is required.

25. Conservation Groups deny the allegations in the first sentence of Paragraph 25. The second sentence of Paragraph 25 is a legal conclusion to which no response is required.

26. Conservation Groups deny the allegations in the first sentence of Paragraph 26. The second sentence of Paragraph 26 is a legal conclusion to which no response is required.

27. Conservation Groups admit the allegations in the first sentence. The second sentence of Paragraph 27 is a legal conclusion to which no response is required.

28. Conservation Groups admit the allegations in the first sentence. The second sentence of Paragraph 28 is a legal conclusion to which no response is required.

29. Conservation Groups admit the allegations in the first sentence. The second sentence of Paragraph 29 is a legal conclusion to which no response is required.

## BACKGROUND

### I. The Outer Continental Shelf Lands Act

30. Conservation Groups admit that Congress originally passed OCSLA in 1953. The remainder of Paragraph 30 purports to characterize OCSLA and a court decision, which speak

for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

31. Paragraph 31 purports to characterize OCSLA and a court decision, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

32. Paragraph 32 purports to characterize OCSLA and a court decision, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

33. Paragraph 33 purports to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

34. Paragraph 34 is too vague to allow a response. To the extent that a response may be required, Conservation Groups deny.

35. The allegations in the first sentence of Paragraph 35 are legal conclusions to which no response is required. To the extent that any response is required, Conservation Groups deny. The remaining allegations in Paragraph 35 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

36. The allegations in Paragraph 36 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

37. The allegations in the first sentence of Paragraph 37 are legal conclusions to which no response is required. To the extent that any response is required, Conservation Groups

deny. The remaining allegations in Paragraph 37 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

38. The allegations Paragraph 38 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

39. Conservation Groups admit that Presidents of both parties have exercised their authority under OCSLA to protect areas of the OCS and aver that eight Presidents have used this authority in the past eight decades. The remaining allegations in Paragraph 39 purport to characterize two of these actions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

**II.  President Biden's Withdrawal Memos**

40. The first sentence of Paragraph 40 purports to characterize a court decision, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context. Conservation Groups admit the allegations in the second sentence of Paragraph 40.

41. Plaintiffs admit that President Biden issued two memoranda on January 6, 2025, exercising his authority under OCSLA to withdraw certain areas of the OCS from oil and natural gas leasing. The remaining allegations in Paragraph 41 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

42. The allegations in Paragraph 42 purport to characterize President Biden's January 6, 2025 memoranda exercising his authority under OCSLA to withdraw certain areas of the OCS

from oil and natural gas leasing, which speak for themselves and are the best evidence of their content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

43. Conservation Groups admit that the maps reproduced in Paragraph 43 display the OCS areas withdrawn in President Biden's January 6, 2025 memoranda, as well as areas that remain available for leasing. The remaining allegations in Paragraph 43 are Plaintiffs' characterization of their case, to which no response is required. To the extent a response may be required, Conservation Groups deny.

44. Conservation Groups admit that the total acreage withdrawn in President Biden's January 6, 2025 memoranda total approximately 627 million acres. The remaining allegations in Paragraph 44 characterize President Biden's January 6, 2025 memoranda exercising his authority under OCSLA to withdraw certain areas of the OCS from oil and natural gas leasing, which speak for themselves and are the best evidence of their content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

45. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny.

46. The allegations in Paragraph 46 purport to characterize President Biden's January 6, 2025 memoranda exercising his authority under OCSLA to withdraw certain areas of the OCS from oil and natural gas leasing, which speak for themselves and are the best evidence of their content. Conservation Groups deny any allegations contrary to their plain language, meaning, and context.

III.  **The Detrimental Effects of the Withdrawal Memos**

47. The characterizations in Paragraph 47 are too vague to permit a response. To the extent a response may be required, Conservation Groups deny.

9

48. Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny.

49. Conservation Groups deny the allegations in the first sentence of Paragraph 49. The allegations in the second sentence of Paragraph 49 purport to characterize a 2018 Draft Proposed National Outer Continental Shelf Oil and Gas Leasing Program, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

50. Conservation Groups deny the allegations in the first sentence of Paragraph 50. The allegations in the second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 50 purport to characterize OCSLA and a government website, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to their plain language, meaning, and context. The allegations in the eighth sentence of Paragraph 50 are legal conclusions to which no response is required. To the extent that any response is required, Conservation Groups deny.

51. The characterizations in the first sentence of Paragraph 51 are too vague to permit a response. To the extent a response may be required, Conservation Groups deny. The allegations in the second sentence purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context. The allegations in the third sentence of Paragraph 51 are legal conclusions to which no response is required. To the extent that any response is required, Conservation Groups deny.

52. The characterizations in the first and fourth sentences of Paragraph 52 are too vague to permit a response. To the extent a response may be required, Conservation Groups

deny. The allegations in the second and third sentences of Paragraph 52 purport to characterize a report prepared for the American Petroleum Institute, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

## CLAIMS FOR RELIEF

### COUNT ONE

82.[1]  Conservation Groups incorporate by reference their responses to the preceding paragraphs.

83.  The allegations in Paragraph 83 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

84.  The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent that any response is required, Conservation Groups deny.

53.  The allegations in Paragraph 53 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

---

[1] The first three paragraph numbers in Count One of Plaintiffs' complaint are out of sequence. To avoid further confusion, Conservation Groups adopt the mistaken paragraph numbers for ease of reference.

54. The allegations in Paragraph 54 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

55. The allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 55 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny. The second sentence purports to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

57. The allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny. To the extent that the allegations purport to characterize a Supreme Court dissenting opinion, that document speaks for itself and provides the best evidence of its contents. Conservation Groups deny any allegations contrary to its plain language, meaning, and context.

## COUNT TWO

85.[2]    Conservation Groups incorporate by reference their responses to the preceding Paragraphs.

---

[2] The remaining paragraph numbers in Plaintiffs' complaint are out of sequence. To avoid further confusion, Conservation Groups adopt the mistaken paragraph numbers for ease of reference.

86. The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

87. The allegations in Paragraph 87 are a mix of legal conclusions, to which no response is required, and purport to characterize the U.S. Constitution, an online dictionary, and a court decision, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

88. The allegations in Paragraph 88 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

89. The allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

## COUNT THREE

90. Conservation Groups incorporate by reference their responses to the preceding paragraphs.

91. The allegations in Paragraph 91 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

92. The allegations in Paragraph 92 are a mix of legal conclusions, to which no response is required, and purport to characterize multiple court decisions, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegations contrary to these decisions' plain language, meaning, and context. To the extent that any response may otherwise be required, Conservation Groups deny.

93. The allegations in Paragraph 93 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

94.     Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 94 and therefore deny. The remaining allegations in Paragraph 94 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

95.     The allegations in Paragraph 95 are legal conclusions to which no response is required. To the extent a response may be required, Conservation Groups deny.

## GENERAL DENIAL

Conservation Groups deny any allegations of the Complaint, whether express or implied, that are not expressly admitted in this Answer. Conservation Groups further deny that Plaintiffs are entitled to any relief, including, but not limited to, the relief prayed for on page 23 of the Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to satisfy conditions precedent to bringing some or all of their claims under applicable law.

2.      Some or all of Plaintiffs' claims are moot.

3.      Plaintiffs lack standing to bring some or all of their claims.

4.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

5.      Some or all of Plaintiffs' claims fail to state a claim for which relief can be granted.

6.      Plaintiffs have not filed this case in a proper venue.

7.      Conservation Groups incorporate by reference all defenses raised by any other Defendants in this case.

WHEREFORE, Conservation Groups respectfully request that the Court dismiss the Complaint with prejudice, enter judgement in favor of Defendants, and grant such further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of March, 2025.

/s/ Lauren E. Godshall
Lauren E. Godshall, La. Bar. No. 31465
Earthjustice
1505 Colony Place
Metairie, LA 70003
T: 773-828-0836
lgodshall@earthjustice.org

/s/ Stephen D. Mashuda
Stephen D. Mashuda (*pro hac vice* forthcoming)
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
T: 206-343-7340
smashuda@earthjustice.org

/s/ Brettny Hardy
Brettny Hardy (*pro hac vice* forthcoming)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
T: 415-217-2000
bhardy@earthjustice.org

/s/ Benjamin P. Chagnon
Benjamin P. Chagnon (*pro hac vice* forthcoming)
Earthjustice
1001 G Street NW, Suite 1000
Washington, D.C. 20001
T: 202-745-5210
bchagnon@earthjustice.org

*Counsel for Applicant-Intervenor-Defendants Friends of the Earth, Healthy Gulf, Oceana, and Surfrider Foundation*