# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*, | Hon. Judge James D. Cain, Jr. |
| Plaintiffs, | Hon. Magistrate Judge Thomas P. LeBlanc |
| v. | Case No. 2:25-cv-71 |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | **DEFENDANTS' ANSWER** |
| Defendants, | |
| and | |
| FRIENDS OF THE EARTH, *et al.*, | |
| Intervenor-Defendants. | |

Federal Defendants Donald J. Trump,[1] in his official capacity as President of the United States, Douglas Burgum, in his official capacity as Secretary of the Interior, James Anderson, in his official capacity exercising the delegated authorities of the Director of the U.S. Bureau of Ocean Energy Management ("BOEM"), Givey Kochanowski, in his official capacity as Regional Director of BOEM's Alaska Office, James Kendall, in his official capacity as Regional Director of BOEM's Gulf of America Office, and Douglas Boren, in his official capacity as Regional Director of BOEM's Pacific Office, through counsel, answer the Complaint filed in this case, ECF No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or

---

[1] President Donald J. Trump, Secretary of the Interior Douglas Burgum, and James Anderson, who is exercising the delegated authorities of the Director of BOEM, are automatically substituted for their predecessors in office pursuant to Federal Rule of Civil Procedure 25(d).

1

factual allegations, Defendants deny those allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted in this Answer.

## INTRODUCTION

1. The allegations in the first sentence of Paragraph 1 characterize a provision of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1332(3), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied. The allegations in the second sentence of Paragraph 1 characterize a BOEM website, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied. The allegations in the third sentence of Paragraph 1 are vague and therefore are denied. The allegations in the fourth sentence of Paragraph 1 are vague and therefore are denied.

2. The allegations in Paragraph 2 are characterizations of Plaintiffs' case, to which no response is required; to the extent a response is required, the allegations are denied.

3. The allegations in Paragraph 3 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with referenced decision, they are denied.

4. The allegations in the first sentence of Paragraph 4 are vague and therefore are denied. The allegations in the second sentence of Paragraph 4 characterize memoranda regarding the withdrawal of areas on the outer continental shelf ("OCS") issued by President Biden in January 2025 ("Withdrawal Memos"), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied.

5. The allegations in Paragraph 5 characterize the Withdrawal Memos, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied.

6. The allegations in Paragraph 6 characterize the Withdrawal Memos and a provision of OCSLA, 43 U.S.C. § 1341(a), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda and statutory provision, they are denied.

7. The allegations in Paragraph 7 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

8. The allegations in Paragraph 8 characterize the U.S. Constitution and multiple court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the U.S. Constitution and the referenced decisions, they are denied.

9. The allegations in Paragraph 9 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

10. The allegations in the first sentence of Paragraph 10 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied. The allegations in the second sentence characterize the Withdrawal Memos, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied. The allegations in the third sentence of Paragraph 10 characterize multiple court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.

11. The allegations in the first sentence of Paragraph 11 are vague and therefore are denied. The allegations in the second sentence characterize the U.S. Constitution which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Constitution, they are denied. The remaining allegations in Paragraph 11 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

12. The allegations in Paragraph 12 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

13. The allegations in the Paragraph 13 are characterizations of Plaintiffs' case, to which no response is denied; to the extent a response is required, Defendants deny the allegations. Defendants do not object to resolving this case through cross-motions for summary judgment.

## JURISDICTION AND VENUE

14. The allegations in Paragraph 14 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

15. The allegations in Paragraph 15 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

16. The allegations in Paragraph 16 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied.

## PARTIES

17. Defendants admit the allegations in the first, second, and third sentence of Paragraph 17. The allegations in the fourth sentence of Paragraph 17 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the

allegations. The allegations in the fifth sentence of Paragraph 17 are vague and therefore are denied. Defendants admit the allegations in the sixth and seventh sentence of Paragraph 17. The allegations in the eighth and ninth sentences of Paragraph 17 are vague and therefore are denied.

18. Defendants admit that the American Petroleum Institute ("API") is a national trade association representing the oil and gas industry. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore they are denied.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore they are denied.

20. Defendants admit the allegations in the first and second sentences of Paragraph 20. The allegations in the third sentence of Paragraph 20 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 20, and therefore they are denied. The allegations in the fifth, and sixth sentences of Paragraph 20 characterize U.S. Department of the Interior websites, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced websites, they are denied.

21. Defendants admit the allegations in the first and second sentences of Paragraph 21. The allegations in the third and fourth sentences of Paragraph 21 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in the fifth sentence of Paragraph 21 characterizes a BOEM report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied. Defendants admit the allegations in the

sixth sentence of Paragraph 21.  The allegations in the seventh, eighth, and ninth sentences of Paragraph 21 are vague and therefore are denied.  The allegations in the tenth sentence of Paragraph 21 characterize Alaska statutory provisions, the Alaska Constitution, and an Alaska Department of Revenue website, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced documents, they are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the eleventh sentence of Paragraph 21, and therefore they are denied.  The allegations in the twelfth sentences of Paragraph 21 are vague and therefore are denied.

22. Defendants admit the allegations in the first and second sentences of Paragraph 22.  The allegations in the third sentence of Paragraph 22 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 22, and therefore they are denied.  The allegations in the fifth sentence of Paragraph 22 characterize an API report, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced report, they are denied.

23. Defendants admit the allegations in the first and second sentences of Paragraph 23.  The allegations in the third sentence of Paragraph 23 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 23, and therefore they are denied.  The allegations in the fifth and sixth sentences of Paragraph 23 characterize U.S. Department of the Interior

websites, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced websites, they are denied.

24. Defendants deny the allegations in Paragraph 24 and aver that Donald J. Trump is the President of the United States.

25. Defendants deny the allegations in Paragraph 25 and aver that Douglas Burgum is the Secretary of the Interior.

26. Defendants deny the allegations in Paragraph 26 and aver that James Anderson is exercising the delegated authorities of the Director of BOEM.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

## BACKGROUND

30. The allegations in Paragraph 30 characterize OCSLA and a court decision interpreting OCSLA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decision, they are denied.

31. The allegations in Paragraph 31 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

32. The allegations in Paragraph 32 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

33. The allegations in Paragraph 33 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

34. The allegations in Paragraph 34 are characterizations of Plaintiffs' case, to which no response is required; to the extent a response is required, Defendants deny the allegations.

35. The allegations in the first sentence of Paragraph 35 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 35 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

36. The allegations in Paragraph 36 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

37. The allegations in Paragraph 37 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

38. The allegations in Paragraph 38 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

39. Defendants admit that Presidents of both parties previously have taken actions pursuant to 43 U.S.C. § 1341(a) and deny the remaining allegations in the first sentence of Paragraph 39 as vague. The allegations in the second, third, and fourth sentences of Paragraph 39 characterize statements and a memorandum issued by President George H.W. Bush, which

speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statements and memorandum, they are denied.

40. The allegations in the first sentence of Paragraph 40 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied. Defendants admit the allegations in the second sentence of Paragraph 40.

41. The allegations in Paragraph 41 characterize the Withdrawal Memos, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with referenced memoranda, they are denied.

42. The allegations in Paragraph 42 characterize the Withdrawal Memos, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied.

43. The allegations in Paragraph 43 characterize the Withdrawal Memos, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied.

44. The allegations in Paragraph 44 characterize the Withdrawal Memos, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied.

45. The allegations in Paragraph 45 are vague and therefore are denied.

46. The allegations in Paragraph 46 characterize the Withdrawal Memos, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced memoranda, they are denied.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in the first sentence of Paragraph 49. The allegations in the second sentence of paragraph 49 characterize comments submitted by API and the Gulf Energy Alliance regarding BOEM's proposed Five-Year Leasing Program for 2019 - 2024, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced comments, they are denied.

50. Defendants deny the allegations in the first sentence of Paragraph 50. Defendants admit the allegations in the second and third sentences of Paragraph 50. The allegations in the fourth, fifth, and sixth sentences of paragraph 50 characterize provisions of OCSLA, which speak for themselves are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statutory provisions, they are denied. The allegations in the seventh sentence of paragraph 50 characterize a U.S. Department of the Interior website, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced website, they are denied. Defendants deny the allegations in the eighth sentence of Paragraph 50.

51. Defendants deny the allegations in the first and third sentences of Paragraph 51. The allegations in the second sentence of paragraph 51 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

52. The allegations in the first sentence of Paragraph 52 are vague and therefore are denied. The allegations in the second and third sentences of paragraph 52 characterize a study prepared for API, which speaks for itself and is the best evidence of its content; to the extent the

allegations are inconsistent with the referenced study, they are denied.  Defendants deny the allegations in the fourth sentence of Paragraph 52.

## CLAIMS FOR RELIEF

82.  Defendants incorporate by reference the responses to all preceding paragraphs.[2]

83.  The allegations in Paragraph 83 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.  The allegations in Paragraph 83 also state legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

84.  The allegations in Paragraph 84 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

53.  The allegations in Paragraph 53 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.

54.  The allegations in Paragraph 54 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.

55.  Defendants deny the allegations in the first sentence of Paragraph 55.  The allegations in the second and third sentences of Paragraph 55 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.  Defendants deny the allegations in the fourth and fifth sentences of

---

[2] In the Complaint, following Paragraph 52 are Paragraphs numbered 82-84, and then the numbering goes back to Paragraph 53.

Paragraph 55. The allegations in the sixth sentence of Paragraph 55 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

57. The allegations in the first sentence of Paragraph 57 are characterizations of Plaintiffs' case, to which no response is required; to the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 57 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the third sentence of Paragraph 57.

85. Defendants incorporate by reference the response to all preceding paragraphs.[3]

86. The allegations in Paragraph 86 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

87. The allegations in the first sentence of Paragraph 87 characterize the Property Clause of the U.S. Constitution, U.S. Const., art. IV, § 3, cl. 2, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced constitutional provision, they are denied. The allegations in the second sentence of Paragraph 87 are legal conclusions, to which no response is required; to the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 87 characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced opinion, they are denied.

---

[3] In the Complaint, Paragraph 57 is followed by Paragraph 85, and the paragraphs are numbered sequentially thereafter.

88. The allegations in Paragraph 88 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 88 also characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants incorporate by reference the responses to all preceding paragraphs.

91. Defendants deny the allegations in the first and third sentences of Paragraph 91. The allegations in the second sentence of Paragraph 91 characterize OCSLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

92. The allegations in Paragraph 92 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.

93. The allegations in Paragraph 93 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 93 also characterize the Withdrawal Memos, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the memoranda, they are denied.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

**PRAYER FOR RELIEF**

The allegations in Plaintiffs' prayer for relief require no response; to the extent a response is required, Defendants deny the allegations.

## GENERAL DENIAL

Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The court lacks jurisdiction over Plaintiffs' claims.

2. Plaintiffs have failed to state a claim for which relief can be granted.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 14th day of April 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division

/s/ *Luther L. Hajek*
LUTHER L. HAJEK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace – Suite 370
Denver, CO 80202
Telephone: (303) 844-1376
Facsimile: (303) 844-1350
Email: luke.hajek@usdoj.gov

*Counsel for Federal Defendants*