UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**STATE OF LOUISIANA ET AL**  :  **CASE NO.  2:25-CV-00071**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**JOSEPH R BIDEN JR ET AL**  :  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion for Judgment on the Pleadings [doc. 36] filed by intervenor-defendants Friends of the Earth, Healthy Gulf, Oceana, and Surfrider Foundation (collectively, "intervenors"). The motion is opposed by both the federal defendants [doc. 40] and the plaintiffs [doc. 41].

### I.
#### BACKGROUND

This suit arises from two memoranda ("Withdrawal Memoranda") issued by President Biden on January 6, 2025, withdrawing certain areas of the Outer Continental Shelf ("OCS") from potential oil and gas leasing. The first pertained to areas of the OCS off the coast of Alaska while the second pertained to areas off the East Coast, West Coast, and within the eastern Gulf of America. *See* Withdrawal of Certain Areas of the United States OCS from Oil and Gas Natural Leasing, 90 Fed. Reg. 6,739 (Jan. 6, 2025); Withdrawal of Certain Areas of the United States OCS from Oil and Gas Natural Leasing, 90 Fed. Reg. 6,743 (Jan. 6, 2025). Plaintiffs, comprising the states of Louisiana, Alabama, Alaska, Georgia, and Mississippi, as well as the American Petroleum Institute and the Gulf

Energy Alliance, filed suit in this court on January 17, naming a number of federal defendants in their official capacity and challenging the Withdrawal Memoranda under the U.S. Constitution and the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.* Doc. 1.

Three days later, immediately after his inauguration to a second term, President Trump issued an executive order rescinding the Withdrawal Memoranda along with several other actions taken by President Biden. *See* Exec. Order No. 14148 § 2(vvv), (www), Initial Rescissions of Harmful Executive Orders and Actions, 90 Fed. Reg. 8,237, 8,240 (Jan. 20, 2025) ("Rescission Order"). A month later, a coalition of environmental groups challenged the Rescission Order via suit filed in the United States District Court for the District of Alaska. *N. Alaska Envtl. Ctr. v. Trump*, No. 3:25-cv-38, doc. 1 (D. Alaska Feb. 19, 2025). Many of the groups are also involved in another Alaska case, initiated in President Trump's first term and challenging his executive order reversing an earlier withdrawal by President Obama. *See* Exec. Order No. 13795, Implementing an America-First Offshore Energy Strategy, 82 Fed. Reg. 20,815 (Apr. 28, 2017) ("2017 Order"). The Alaska district court concluded that President Trump lacked authority under § 12(a) of OCSLA to reverse President Obama's withdrawal of areas of the OCS. On appeal, however, the Ninth Circuit vacated the district court's order as moot following President Biden's issuance of an executive order rescinding the 2017 Order. *League of Conservation Voters v. Trump*, 363 F.Supp.3d. 1013, 1030–31 (D. Alaska 2019), *vacated as moot and remanded*, 843 F. App'x 937 (9th Cir. 2021); *see* Exec. Order No. 13990, Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7,037 (Jan.

20, 2021). Because President Trump's Rescission Order also rescinded other actions taken by President Biden to enact or reinstate OCS withdrawals, including Executive Order 13990, plaintiffs in the *League of Conservation Voters* have filed a Rule 60(b) motion asking the district court to reinstate its prior order. *League of Conserv. Voters v. Trump*, NO. 3:17-cv-101, doc. 99 (D. Alaska Feb. 19, 2025). The motion is still pending. Meanwhile, federal defendants in *Northern Alaska Environmental Center* recently moved to dismiss that suit for lack of jurisdiction on the grounds that (1) plaintiffs fail to show any imminent harms resulting from the Rescission Order; (2) the claims are not ripe; and (3) the claims against the President are barred by the doctrine of sovereign immunity. *N. Alaska Envtl. Ctr. v. Trump*, No. 3:25-cv-38, doc. 33 (D. Alaska May 27, 2025). They further assert that claims against the Secretary of Interior and Secretary of Commerce must be dismissed for failure to identify a final action taken by either individual. *Id.*

The environmental groups who have intervened as defendants in this matter now move for judgment on the pleadings, arguing that President Trump's Rescission Order renders plaintiffs' challenge to the Withdrawal Memoranda moot and deprives this court of subject matter jurisdiction. Doc. 36. Plaintiffs and federal defendants oppose the motion, arguing that the case falls under the mootness exceptions for voluntary cessation and actions that are capable of repetition yet evading review. Alternatively, plaintiffs request that the court stay this matter pending a decision in *Northern Alaska Environmental Center*.

## II.
## LAW & APPLICATION

### A. Legal Standards

A motion for judgment on the pleadings permits a party to raise the defense of failure to state a claim upon which relief may be granted after the pleadings have closed. FED. R. CIV. P. 12(c). These motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).

Such motions are thus decided under the standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Accordingly, the court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The motion should only be granted if "the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.*

### B. Application

Because Article III of the Constitution limits federal jurisdiction to "cases" and "controversies," a case must be dismissed as moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome[.]" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). "Generally, any set of circumstances that

eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Indiv. Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Additionally, "[m]ootness applies when intervening circumstances render the court no longer capable of applying meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013).

Defendant-intervenors maintain that this matter is moot, noting that "mootness is the default" when a challenged policy is rescinded. *Freedom from Religion Fdn. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023). Under the voluntary cessation doctrine, a defendant's voluntary cessation of the challenged conduct ordinarily cannot moot a case unless "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009). Governmental entities are presumed to act in good faith, however, and bear a "lighter burden" in showing that recurrence is unlikely. *Freedom from Religion Fdn. v. Abbott*, 58 F.4th at 833 (citing *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014)). Thus, "the mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists. Rather, there must be evidence indicating that the challenged law likely will be reenacted." *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997).

In this case such evidence exists. The challenged conduct was undertaken by a previous administration, concerning an issue that has been the subject of an apparent tug-of-war between administrations for more than a decade. The likelihood that a subsequent administration will attempt to undo the actions of the last one in this arena by executive

order or memorandum is high. Indeed, right now some of the same environmental groups who have intervened as defendants in this matter are urging another district court to vacate the Rescission Order and revert conditions on the OCS to those set by President Biden's challenged Withdrawal Memoranda. The court can grant effective declaratory relief addressing the legality of these actions.[1] Accordingly, the matter is not moot.

### III.
### CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings [doc. 36] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 30th day of May, 2025.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have also sought injunctive relief against the withdrawal memoranda, and there is nothing for this court to enjoin while the Rescission Order is in effect. A ruling in either of the Alaska cases may change that state of affairs, however, if the Rescission Order is vacated and the Withdrawal Memoranda then take effect. Accordingly, the court will grant plaintiffs the option of either dismissing their claims for injunctive relief without prejudice or requesting a stay pending the outcome of the Alaska suits.